# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DENISE J. HEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-584-SNLJ |
| | ) | |
| PATRICK OPENLANDER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Response to Court Order filed by plaintiff Denise J. Hein. For the reasons explained below, this case will be dismissed for lack of jurisdiction.

Plaintiff Denise J. Hein, an inmate at the Women's Eastern Reception Diagnostic Correctional Center, commenced this civil action on February 9, 2017, naming Patrick Openlander, a psychologist, as defendant. Plaintiff identified herself and defendant as residents of Missouri, and checked a box indicating that this Court had federal question jurisdiction over her claims. Plaintiff alleged that, in June of 2014, defendant committed medical malpractice and engaged in other behavior that caused a devastating tragic event. For her prayer for relief, plaintiff sought an unspecified amount of monetary damages, and stated that defendant should lose his license and be imprisoned "for accessory to murder." (Docket No. 1 at 4).

Upon review, this Court noted that plaintiff did not identify the source of federal question jurisdiction or allege that defendant was a state actor. The Court also noted that plaintiff pled no facts tending to establish the existence of subject matter jurisdiction on the basis of diversity of citizenship. The Court entered an order explaining the foregoing reasons why federal

jurisdiction appeared to be absent, and gave plaintiff an opportunity to submit an amended pleading to address the issue.

In response, plaintiff requests that "diversity of citizenship be dismissed and for federal question to be brought up as fact . . .". (Docket No. 6). Plaintiff then set forth thirteen grounds for relief, each titled "Medical Malpractice." (*Id.*) In support, plaintiff alleged that defendant engaged in various forms of wrongdoing, including sexual misconduct, undue influence, fraud, negligence, unprofessional conduct, unethical hypnotism, incompetency, misrepresentation, emotional manipulation, and "malevolent and duplicitous behaviors" that "caused a devastating event to occur." (*Id.*) Plaintiff did not allege that defendant acted under color of state law.

Plaintiff fails to plead diversity jurisdiction, and no basis for such jurisdiction is apparent. *See* 28 U.S.C. § 1332. In addition, plaintiff's asserted bases for federal question jurisdiction are meritless. Plaintiff fails to allege that defendant acted under color of state law, and she sets forth no facts supporting any conceivable federal claim. Instead, her allegations set forth claims based upon common law medical malpractice theories, which are matters of state law. *See Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (*per curiam*) (jurisdiction must affirmatively appear clearly and distinctly in complaint; mere suggestion of federal question is not sufficient to establish jurisdiction).

Because there is no subject matter jurisdiction under 28 U.S.C. § 1332, and because plaintiff's asserted bases for federal question jurisdiction are meritless, this case will be summarily dismissed. *See* Fed. R. Civ. P. 12(h)(3) (if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action); *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) ("[i]f the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate").

Accordingly,

**IT IS HEREBY ORDERED** that this action is summarily **DISMISSED** due to lack of jurisdiction. A separate order of dismissal will be entered herewith.

Dated this 27th day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE